■ In the Matter of the Claim of JOSEPHINE SVIGALS, Respondent, against BLUE DIAMOND LAUNDRY No. 1, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow of the decedent employee. The issue on appeal whether there is substantial evidence to sustain a finding that decedent's death was causally related to an industrial accident. Decedent was employed as a foreman in the laundry establishment, and had been so employed for approximately 18 years. His work generally was of supervisory nature but there is proof that on many occasions in assisting other employees he lifted bundles of wet wash which weighed from 50 to 60 pounds. Some time in the afternoon of March 15, 1954 he developed symptoms of a heart attack, and on the evening of that day he became acutely ill and was hospitalized. He died approximately two weeks later from a coronary condition and myocardial infarction. An autopsy revealed that he had marked coronary sclerosis but it also revealed that he had a recent myocardial infraction. There is no direct proof that when decedent suffered his initial attack that it followed immediately after lifting a bag of wet wash but there is considerable hearsay testimony in the way of declarations by decedent to the effect that when he was lifting a bag of wash he felt a sharp pain in his chest and thereafter sat down. If such was the fact there is medical testimony to sustain causal relation, and the real issue in the claim is whether the hearsay declarations of the decedent were corroborated by circumstances or other evidence (Workmen's Compensation Law, § 118). We think the circumstances surrounding the employment and the testimony of a coemployee was sufficient to present an issue of fact for the determination of the board. It is true that on the afternoon in question the coemployee did not see decedent lifting any bundles but on the other hand he testified that he did not see decedent all of the time because they were in different places in the establishment, and the board could find from his testimony as a whole that decedent lifted bundles nearly every day, and this was some corroboration of the hearsay declarations. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.